## Wacker, Appellant, v. Wacker.

*Divorce—Desertion—Absence from habitation.*

A husband is not entitled to divorce on the alleged ground of deser-
tion and absence from the habitation, where it appears that the parties
lived in the same house, and that the husband contributed the money
for its maintenance while the wife did the household work, although it
also appears that they did not occupy the same bedchamber, did not
eat at the same table and had no direct communication with each other.

Argued Oct. 15, 1913.   Appeal, No. 120, Oct. T.,
1913, by plaintiff, from decree of C. P. No. 5, Phila.
Co., March T., 1912, No. 2,927, dismissing libel for
divorce in case of Jacob F. Wacker v. Frederick Wacker.
Before RICE, P. J., HENDERSON, MORRISON, ORLADY,
HEAD and PORTER, JJ.   Affirmed.

Libel for divorce.

The facts are stated in the opinion of the Superior
Court.

*Error assigned* was decree dismissing the libel.

*George S. Russell*, with him *M. B. Elwert*, for appel-
lant, cited: Merrick v. Merrick, 43 Pa. Superior Ct. 13;
Ferree v. Ferree, 19 Pa. C. C. Rep. 67; Graham v. Graham,
153 Pa. 450.

No printed brief for appellee.

PER CURIAM, December 8, 1913:

In order to give the court jurisdiction to decree a
divorce for the cause alleged in this case, it was incum-
bent on the libelant to prove "willful and malicious
desertion and absence from the habitation of the other,
without reasonable cause, for and during the space of
two years." This is the language of the statute giving
jurisdiction and by no permissible ingenuity can the

words "absence from the habitation of the other" be construed to mean something different from or less than actual physical withdrawal from the habitation. The habitation may be separate apartments in a dwelling house occupied by another, and a withdrawal from those apartments may be a withdrawal from the common habitation within the meaning of the statute: Augenstein v. Augenstein, 45 Pa. Superior Ct. 258. But in this case the common habitation was a dwelling house belonging to the libelant and maintained by him as a home for himself, his wife and his children. Notwithstanding the unfortunate marital difficulties, the libelant and respondent have continued to live in that home although she does not occupy the same bedchamber as he, does not eat at the same table and has no direct communication with him. He contributes the money necessary for the maintenance of the home, and she does the work of a housewife, such as cooking, caring for the house and the like. This being so, we need not recite or discuss the conduct towards him of which he complains in his testimony. Whether it was excusable and justifiable, or inexcusable and unjustifiable, is an immaterial question in view of the fact, which appears by the libelant's own testimony, that the respondent has not absented herself from his habitation.

The decree is affirmed at the costs of the libelant.