## Masden v. Masden.

*W. Linton*, for libellant; *W. A. Gray*, for respondent.

ALESSANDRONI, J., Jan. 2, 1930.—The libel in this case, filed on Feb. 21, 1927, alleged a desertion by the respondent on April 1, 1923. In support of this allegation, libellant testified that, after Feb. 1, 1923, his wife refused to have sexual intercourse with him; that in other respects, generally, she acted the part of a wife. She lived under the same roof with him; she attended to the household duties; she spoke to him in the presence of company and in the presence of her child, and otherwise treated him as a husband.

Upon the mistaken theory that this amounted to a constructive desertion, the master recommended the decree. It is unnecessary to say that a decree cannot be predicated upon such testimony: Wacker v. Wacker, 55 Pa. Superior Ct. 380.

It appeared, however, that the respondent abandoned the libellant Jan. 5, 1927, leaving a note to her husband indicative of an intention to desert. The report was referred back to the master for a finding consistent with the facts. Sometime thereafter the libellant moved to amend the libel so as to read that the respondent deserted the libellant on Jan. 5, 1927. Nothing appeared in this petition to indicate to the court that the libel to be amended was filed on Feb. 21, 1927, a month and a few days after the amended date of the desertion. It is obvious that if this fact had been brought to our notice the amendment would not have been allowed because in contravention of the requirement of section 5 of the Act of April 26, 1850, P. L. 590. The effect of this amendment was to permit libellant to file his libel alleging desertion before the statutory six months had elapsed after the date of the desertion. With the record in this state the action has been prematurely brought and the libel must be dismissed without prejudice.