## Ray v. Ray

*J. Francis Yake, Jr.*, for libellant.

SHEELY, P. J., June 29, 1946.—Libellant charged respondent with indignities to the person and with desertion. The master recommended a divorce on the ground of desertion but found that the evidence was insufficient to support the charge of indignities. Libellant filed, but later withdrew, exceptions to the failure of the master to find that the charge of indignities was made out. We have examined the testimony carefully and can find no testimony even tending to support the charge of indignities. The master was clearly correct in finding that this charge was not supported.

Libellant alleged that the desertion occurred on or about November 30, 1939. The testimony shows that respondent left libellant, who was living with his mother, in July 1939. He returned in November when her baby was born, but stayed for only a few days. In February 1940, libellant had him arrested for desertion

and nonsupport and, at the hearing before the alderman, asked him to return, but he refused. A support order was entered by the court, but respondent did not comply and was brought back into court twice on attachments for contempt. The last time respondent was before the court he agreed to return to libellant. She testified: "I agreed to it and my case was dropped in court." She further testified that on this return they lived in separate rooms and had no marital relations and that he stayed for only two weeks. And she put it: "He only came back long enough to settle our minds." What caused him to leave at the end of two weeks, and the circumstances surrounding that leaving, are not shown.

The Divorce Law requires that there be "absence from the habitation of the injured and innocent spouse, without a reasonable cause" for the space of two years. Here the testimony shows that respondent was not absent from the habitation for two years next following November 30, 1939, the date of the alleged desertion, but that he resided at the habitation of libellant for two weeks in March 1940. The master considered this return as a conditional condonation and held that the condition was broken. In I Freedman on Marriage and Divorce, sec. 223, it is said:

"If the deserter, prior to the expiration of the statutory period of two years, returns to the innocent spouse and is taken back, the desertion clearly is at an end and the cause for divorce cannot mature. And this is not, as is sometimes mistakenly supposed, the consequence of condonation, but is merely a breaking of the desertion, which the law requires shall be continuous for two years."

We attach no significance to the fact that the parties occupied separate rooms during the two-week period. That would not constitute "absence from the habita-

tion." Wacker v. Wacker, 55 Pa. Superior Ct. 380 (1913). The important fact is that the parties formally agreed before the court in Dauphin County to return to each other, and they did return, and the support order was accordingly discontinued. That broke the desertion which began in November 1939.

It is entirely possible that respondent again deserted in March 1940, but the date alleged in the libel is November 30, 1939, and that is the issue now before the court. Furthermore, the facts surrounding respondent's leaving in March 1940 are not shown, and we do have libellant's statement that "he only came back long enough to settle *our* minds." If both their minds were then settled on the fact that they could not get along and that they should continue to live apart, the subsequent separation would have been consentable and respondent would not be guilty of desertion.

It is not to be understood that a deserter can maliciously break the running of the two-year period by making a fraudulent offer to return, or by returning in bad faith. However, there is nothing in this evidence to indicate that respondent acted in bad faith since none of the circumstances occurring during the two-week period are shown.

And now, June 29, 1946, the record in this case is referred back to the master to enable libellant to offer additional testimony, if she so desires, or to move to amend the libel, or both.