MARION S. DEL VECCHIO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Del Vecchio v. Commissioner
Docket No. 8755-72.
United States Tax Court
T.C. Memo 1973-245; 1973 Tax Ct. Memo LEXIS 41; 32 T.C.M. (CCH) 1153; T.C.M. (RIA) 73245; November 5, 1973, Filed Marion S. Del Vecchio, pro se. David P. Smith, *42 for the respondent. DAWSON, MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case, which was added to the calendar of cases for trial at the Small Tax Case session in Pittsburgh, Pennsylvania, with the prior agreement of both parties, was heard by Commissioner Randolph F. Caldwell, Jr. His report, which contains 2 findings of fact, was submitted pursuant to Rule 48(e) of the Tax Court's Rules of Practice. The parties have filed some exceptions to the findings of fact. Except for minor changes we have adopted the findings of fact of the trial commissioner. They set forth below. Respondent determined deficiencies in petitioner's Federal income taxes for 1968 and 1969 in the respective amounts of $994.56 and $1,994.55. The issues presented for decision are: (1) Whether petitioner is entitled to a deduction for alimony payments greater in amount than that allowed by respondent for 1968. This issue raises two questions: (a) Has petitioner substantiated certain payments claimed to have been made to his former wife; and (b) is petitioner entitled to a deduction for alimony payments to the extent of one-half of the amounts of principal payments he *43 made on a mortgage on a house which he owned jointly with his then wife, pursuant to an order of the Court of Common Pleas of Allegheny County, Pennsylvania. Respondent has conceded that petitioner is entitled to deduct as alimony, the remaining one-half of such principal payments. (2) Whether petitioner is entitled to any deduction for alimony payments for 1969. This issue raises the question of whether petitioner and his former wife were living separate and apart in 1969. 3 If petitioner and his wife are held to have been living separate and apart in 1969, then we must decide the amount of the alimony deduction to which petitioner is entitled. If petitioner and his wife are held not to have been living separate and apart, then we must decide whether petitioner is entitled to dependency exemptions for his three children for that year. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts, together with the exhibits identified therein and annexed thereto, is incorporated herein by reference. Petitioner filed an individual income tax return for each of the years 1968 and 1969, with the district director of internal revenue at Pittsburgh, *44 Pennsylvania. At the time petitioner filed his petition in this case he resided in Pittsburgh, Pennsylvania. Petitioner and his former wife, Joan Del Vecchio, separated in January 1967, and from then until December 1968, Joan and their three children continued to live in the house which the family had occupied and which was jointly owned by petitioner and Joan. Petitioner lived in an apartment. On March 15, 1967, an order was issued by the Court of Common Pleas of Allegheny County, Pennsylvania, which directed petitioner to pay the sum of $500 per month, beginning March 15, 1967, for the maintenance and support of Joan and their three children. In addition, he was to make the monthly mortgage 4 payments on their jointly owned residence. The court order did not contain any specific designation as to the amount of the $500 monthly payment applicable to the support of the children. On his Federal income tax return for 1968 the petitioner claimed an alimony deduction in the amount of $7,248. Of that amount, $4,468 represented maintenance and support of his wife and children under the court order, and was allowed as a deduction by the respondent, who denied deduction for *45 the remainder of $2,780. The $2,780 so disallowed consisted of $1,854 of monthly mortgage payments on the jointly owned residence, and $926 determined by respondent to have been unsubstantiated. The mortgage payments of $1,854 in 1968 consisted of principal, interest, and payments to escrow for the payment of real estate taxes, as follows: Principal
$ 777.72
Interest
506.28
Escrow
570.00
$1,854.00
Respondent has allowed petitioner deductions of $506.28 for interest and $554.40 for real estate taxes, under section 163 and 164 of the 1954 Code, respectively, for 1968. Respondent has conceded in the stipulation of facts that petitioner is entitled to a deduction of $388.86 (one-half of the total principal payments), as alimony. 5 In December 1968, shortly after petitioner moved back to the residence occupied by his wife and the children, his wife took $680 belonging to petitioner from a lock box under his bed, claiming it to be arrearage in alimony. In mid or early December 1968, petitioner's salary from his employer was reduced in half. Petitioner did not believe that he could continue to live in the separate apartment and, against the wishes of *46 his wife, he moved back to the jointly owned residence which his wife and children were occupying. He continued to live in that residence with those four persons throughout 1969. He and his wife were granted a divorce in January 1970, at which time she and the children moved out. Petitioner has continued to reside in the same house. Petitioner moved into the old living room of the house, where he put his bed and his clothes. He used the bathroom of the home. He received most of his mail at his place of employment, but he also received some pieces of mail advertising at the residence. He took his meals outside the home, but occasionally he took fruit juice from the refrigerator. He used the washing machine and clothes dryer. He talked with his children. He watched television with the family and shared furniture. He and Joan visited with mutual friends in the home. Petitioner and his wife did not live together as man and wife during 1969. 6 Petitioner was directed by the local court to continue making payments under the March 1967 order, after he moved back to the jointly owned residence. On his Federal income tax return for 1969 the petitioner claimed an alimony *47 deduction of $6,618. Of that amount, $2,806.60 represented maintenance and support payments under the court order. The remaining amount of $3,811.40 consisted of $1,929 of above-described monthly mortgage payments and $1,882.40 which respondent asserts has not been substantiated. Respondent disallowed the entire alimony deduction of $6,618 on the ground that petitioner and his wife were not living separate and apart in 1969. The 1969 mortgage payments of $1,929 consisted of principal, interest, escrow for the payment of real estate taxes, and a late charge, as follows: Principal
$ 820.23
Interest
463.15
Escrow
645.00
Late charge
.62
$1,929.00
Respondent has allowed petitioner deductions of $463.15 for interest and $636.51 for real estate taxes, under sections 163 and 164 of the 1954 Code, respectively, for 1969. Petitioner made payments to his wife for maintenance and support, in addition to the above-mentioned $2,806.60, in the amount of $1,451.50. 7 The total support for Joan and the three children for 1969 was in the following amounts: Joan
$1,700.00
Jeff
1,548.00
Todd
1,638.34
Tracey
2,242.44
OPINION The statutory *48 provisions principally involved in this case are sections 71 and 215 of the 1954 Code. Section 215 would grant to petitioner an alimony deduction for periodic payments to or for Joan which she is required to include under section 71 in her gross income. The pertinent portion of section 71 is paragraph (3) of subsection (a), which provides: (3) Decree for support. - If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a separate return jointly. Section 1.71-1(b) (3), Income Tax Regs., promulgated under the statute, provides that - Where the husband and wife are separated and living apart and do not file a joint income tax return for the taxable year, paragraph (3) of section 71(a) requires the inclusion in the gross income of the wife of periodic payments * * * received by her after August 16, 1954 * * *. [Emphasis supplied.] 8 The major *49 and pivotal question in this case is whether petitioner and Joan were "separated and living apart," in the language of the regulation, after he returned to the jointly owned residence. If they were, it is clear that petitioner is entitled to an alimony deduction for 1969, perhaps in an amount not quite as large as that for which he contends. We are unaware of any Pennsylvania case determining whether a husband and wife in the circumstances of petitioner and Joan, after his move back to the jointly owned residence, were "separated and living apart" in the terminology of the regulation. However, there is a line of Pennsylvania cases construing a kindred provision of the Pennsylvania Divorce Law. Section 23-10(d), Purdon's Statutes Annotated Sec. 10(d), permits the granting of a divorce from the bonds of matrimony to an innocent spouse, where the other spouse "[shall] have committed wilful and malicious desertion, and absence from the habitation of the injured and innocent spouse, without a reasonable cause, for and during the term and space of two years." [Emphasis supplied.] In Grain v. Grain, 63 Montg. 221; Wacker v. Wacker, 55 Pa. Super. 380; and *50 Ray v. Ray, 56 Pa. D. & C. 586, the 9 Courts held that where the husband and wife remained under the same roof, albeit in a strained relationship akin to that suffered by petitioner and Joan, the offending spouse had not been absent from the habitation so as to give rise to a desertion. It seems to us that the Pennsylvania courts would probably hold, in the light of the cited cases, that petitioner and Joan were not "separated and living apart" when both were under the same roof. We so hold in this case. The result is that Joan is not required to include in her income any of the periodic payments which petitioner made to her in 1969. But she is required to include in her 1968 income the $680 which she took from petitioner in 1968 which represented alimony that was due but unpaid at that time. The corollary is that petitioner is not entitled to deduct any of those amounts which Joan does not have to include in her income. Petitioner was granted leave at the trial to amend his petition to claim his three children as dependents for 1969 that he was not allowed a deduction for alimony for that year. Our findings reveal the total cost of support for Joan and each *51 of the three children. Petitioner has contributed a total of $4,258.10 for the other four members of the family group. Prorating that total among the four, 10 we find that he has contributed more than one-half of the total support for the two boys, Jeff and Todd, but not for the girl, Tracey. Accordingly he is entitled to dependency deductions for Jeff and Todd for 1969. This leaves only the matter of the alimony deduction to which petitioner is entitled for 1968. Respondent has allowed petitioner an alimony deduction for the court-ordered periodic payments to Joan of $4,468. Petitioner laid claim to a deduction for the above-mentioned $680, and we have already held that he is entitled to that amount as a deduction. Respondent has conceded that petitioner is entitled to an alimony deduction for one-half of the principal payments on the mortgage on the jointly owned residence, in accordance with Rev. Rul. 67-420, 67-1 C.B. 63. Petitioner urges that he should be entitled to deduct the remaining one-half of the principal payments. We disagree. That disputed one-half represents his share of the mortgage obligation on the jointly held property, which was applied *52 to principal for the year 1968. Payment of that amount served to build up petitioner's equity in the jointly held property, which his testimony indicates that he regards as an investment, and indeed he is still living there. Respondent puts the matter pretty well in his brief, when he states: "if petitioner made a payment for anyone, the payment of [the here disputed] $388.86 was for himself." 11 In summary, petitioner is entitled to an alimony deduction for 1968 in the amount of $5,536.86. Petitioner has failed to substantiate a deduction in any greater amount. The $72, mentioned in his testimony as being the amount charged him by his employer for drawing and transmitting the alimony payment checks and claimed as part of the deduction for 1968, is not a proper element of alimony. Manifestly, it was not a periodic payment to Joan or for her benefit. It was nothing more than a charge to petitioner for a service rendered to him. Decision will be entered under Rule 50.